# Supreme Court of Florida

---

No. SC2025-0727

---

**IN RE: AMENDMENTS TO RULES REGULATING
THE FLORIDA BAR.**

June 5, 2025

PER CURIAM.

The Court adopts, on its own motion, new Rule Regulating The Florida Bar 3-5.3 (Interim Suspension), which addresses the grounds for suspension of a lawyer charged with a felony "that reflects adversely on the lawyer's fitness to practice law."[1]  The new rule provides a procedure for notice and an opportunity to respond before the imposition of an interim suspension based on felony charges and explains that the respondent may move to dissolve the interim suspension "on a change in the criminal charges or on a disposition of the felony criminal charges."  The new rule further explains that "[i]f the criminal charges result in a determination or

---

1.  We have jurisdiction.  Art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

judgment of guilt, rule 3-7.2 applies." And, under new rule 3-5.3, the respondent may move to expunge an interim suspension in certain circumstances.

We also, on our own motion, amend rule 3-5.2 (Emergency Suspension and Interim Probation) to remove what is now addressed in new rule 3-5.3, and we renumber former rules 3-5.3 (Diversion of Disciplinary Cases to Practice and Professionalism Enhancement Programs) and 3-5.4 (Publication of Discipline).

The Rules Regulating The Florida Bar are amended as reflected in the appendix to this opinion. New language is indicated by underscoring in the appendix, and deletions are indicated by struck-through type. The amendments shall become effective December 5, 2025. Because the amendments were not published for comment previously, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before August 19, 2025, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

---

Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 3-5.2. EMERGENCY SUSPENSION AND INTERIM PROBATION

**(a) Emergency Suspension.**

(1) *Great Public Harm.* The Supreme Court of Florida may issue an order suspending the lawyer on an emergency basis on petition of The Florida Bar, authorized by its president, president-elect, or executive director and supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that a lawyer appears to be causing great public harm. ~~The fact that a lawyer has been charged with a felony by an indictment or information in state or federal court may, for the purposes of this rule, constitute clear and convincing evidence that the lawyer's continued practice of law would cause great public harm when such felony charge alleges conduct reflecting adversely on the lawyer's fitness to practice law.~~

(2)-(10) [No Change]

**(b)-(e)** [No Change]

## RULE 3-5.3. INTERIM SUSPENSION

**(a) Grounds for Suspension.** The Supreme Court of Florida may suspend a lawyer from the practice of law until further order of the court based on a petition of The Florida Bar, authorized by its president, president-elect, or executive director attaching the documents charging a lawyer with a felony by an indictment or information in state or federal court that reflects adversely on the lawyer's fitness to practice law.

**(b) Procedure.**

(1) *Order to Show Cause.* On receipt of the petition, the Supreme Court of Florida may issue an order directing the

respondent to show cause why the respondent should not be suspended from the practice of law until further order of the court. The order to show cause must set a date for response and any reply.

(2) *Supreme Court Action.* After consideration of the petition, any response, and any reply, the Supreme Court of Florida may enter an order, effective immediately or at a date set by the court, suspending the respondent from the practice of law until further order of the court.

**(c) Conditions of Suspension.** The Supreme Court of Florida may impose conditions of the interim suspension as it deems necessary to protect the interests of the public and the orderly administration of justice.

**(d) Motion to Dissolve.** The respondent may file a motion to dissolve the interim suspension only on a change in the criminal charges or on a disposition of the felony criminal charges. If the criminal charges result in a determination or judgment of guilt, rule 3-7.2 applies.

**(e) Expunction.** On motion of the respondent, the Supreme Court of Florida may expunge an interim suspension entered under this rule when disposition of the criminal charges results in acquittal, dismissal, or reduction to a misdemeanor. A respondent who is the subject of an interim suspension that is expunged under this rule may lawfully deny or fail to acknowledge the interim suspension, except when the respondent is a candidate for election or appointment to judicial office, or as otherwise required by law.

**RULE 3-5.34. DIVERSION OF DISCIPLINARY CASES TO PRACTICE AND PROFESSIONALISM ENHANCEMENT PROGRAMS**

**(a)-(m)** [No Change]

**RULE 3-5.45.  PUBLICATION OF DISCIPLINE**

**(a)-(d)** [No Change]